## CIRCUIT COURT OF HENRICO COUNTY

Irene M. Hofman

v.

George E. Rowe

November 25, 1983

Case No. 82-L-397

By JUDGE L. PAUL BYRNE

The plaintiff, Irene M. Hofman, filed her Motion for Judgment against the defendant, George E. Rowe, on November 3, 1982, praying for damages for breach of contract by the defendant of a certain written contract dated January 24, 1981, wherein she agreed to sell and the defendant agreed to purchase a parcel of real estate with improvements thereon briefly described as Lot 2, Block J, Section B, Fair Oaks Terrace, Henrico County, for the agreed sum of $44,000.00. The plaintiff alleged that such contract was subject to the defendant's securing an FHA loan in the amount of $42,300.00 at the prevailing rate of interest for a term of thirty years; that the defendant defaulted under the contract; that the plaintiff was required again to place the property on the market; and that it was subsequently sold by contract dated April 11, 1982, to a third party for the sum of $37,500.00 all cash.

The case was heard by the Court on May 5, 1983, and at the conclusion of all the evidence and argument of counsel, the court announced its finding that the defendant had breached the contract. Counsel for the

parties then requested permission to submit memoranda of law on the issue of the damages recoverable by the plaintiff as the result of such breach and the Court granted their request. The memoranda filed have now been considered by the Court.

In view of the holding by the Court on May 5, 1983, it does not find it necessary to review in detail the facts as they relate to the issue of default by the defendant under the contract. While the defendant has not conceded to such default on his part, in his memoranda, he has not raised any serious challenge to the Court's finding that he unilaterally breached the agreement on March 10, 1981.

In her Motion for Judgment, the plaintiff claimed damages for: (a) the difference between the $44,000.00 sales price called for in the contract with the defendant and the amount for which the property was later resold on April 11, 1982, $37,500.00; (b) the aggregate of mortgage loan payments, insurance premiums, and taxes paid by her between the settlement date called for under the contract with the defendant and the date of actual settlement pursuant to the contract of resale of April 11, 1982; (c) the alleged losses incurred by her by virtue of having to pay a penalty for early withdrawal against certain Certificates of Deposit and the loss of interest upon the funds she would have received at settlement with the defendant; and (d) reimbursement of legal fees incurred by her in bringing this suit.

The plaintiff, in her argument, now concedes that the evidence heard by the Court does not justify the award of any damages for her claims under (c) and (d), *supra*.

With regard to the item of damages referred to in (a) above, it is clear that the contract breached by the defendant provided for a purchase price of $44,000.00. It is equally clear that the property in question ultimately sold for $37,500.00. At first blush, it would appear that the direct loss suffered by the plaintiff in consequence of the defendant's breach is the difference between those figures of $6,500.00. However, it must be noted that under her contract with the defendant, the plaintiff was required to pay up to three "discount points" and that the amount of real estate commission payable under the plaintiff's contract with the defendant exceeds that which she was

required ultimately to pay when the property was resold. After making appropriate adjustments for these differences, the Court finds that the net amount of direct loss suffered by the plaintiff as a result of the defendant's default is $4,799.00.

The plaintiff argues that she is entitled, as "direct" damages to reimbursement for mortgage payments, payment of real estate taxes and for insurance premiums paid during the thirteen-month period between the dates of the two contracts. After careful consideration of the plaintiff's arguments and the authorities cited in support thereof, the Court concludes that the plaintiff is not entitled under the law to recover damages for such payments. The law is clear that the plaintiff is entitled to damages according to the breach that has occurred, or, in other words, she should have the benefit of her bargain with the defendant. The measure of such damages is the difference between the amount the plaintiff would have received under her contract with the defendant and the fair market value of her property as represented by the subsequent resale. As stated previously, the amount of such loss is $4,799.00.

The only remaining issue before the Court is that of the amount of interest to which she is entitled. Pre-judgment interest should be awarded in a case of breach of contract where the contract calls for interest at a stated rate or where, as in this case, the right to interest arises by clear implication. If the defendant had not breached his agreement with the plaintiff, she could have expected settlement to have occurred on March 25, 1981, as provided in the contract. Accordingly, the court is of the opinion that the plaintiff is entitled to recover pre-judgment interest on the sum of $4,799.00 from March 25, 1981, until the date of judgment. Further, the judgment should bear post-judgment interest from the date of judgment until paid. Since the contract breached contains no specified interest rate, the Court concludes that the award of both pre-judgment interest and post-judgment interest should be at the applicable statutory rates provided for post-judgment interest. In other words, the plaintiff should recover by way of pre-judgment interest at the rate of 8% per annum through June 30, 1983; and from that date until the date of judgment, her pre-judgment interest shall be at the rate of 12% per annum.